```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


FERN L. WESTMORELAND,          )
                               )
               Plaintiff,      )
                               )
vs.                            )    Case No. 06-1068-JTM
                               )
LINDA S. MCMAHON,¹             )
Acting Commissioner of         )
Social Security,               )
                               )
               Defendant.      )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments. The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be

---

[1] On January 20, 2007, Linda S. McMahon became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon is substituted for Commissioner Jo Anne B. Barnhart as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can

establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to

step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

Administrative law judge (ALJ) Melvin Werner issued his decision on June 24, 2005 (R. at 13-22).  At step one, the ALJ found that plaintiff had not performed substantial gainful

activity since her alleged onset date of February 22, 2002 (R. at 14). At step two, the ALJ stated that plaintiff has the following severe impairments: bilateral carpal tunnel syndrome (status post bilateral carpal tunnel release), degenerative arthritis with spondylolisthesis at L5-S1 and an affective disorder (R. at 16). At step three, the ALJ concluded that plaintiff's impairments do not meet or equal a listed impairment (R. at 16-17). After establishing plaintiff's RFC, the ALJ found at step four that plaintiff could not perform past relevant work (R. at 19-20). At step five, the ALJ determined, based on the testimony of a vocational expert (VE), that plaintiff could perform other work that exists in significant numbers in the national economy, in particular work as a cashier, order clerk, escort vehicle driver, and a photocopy machine operator. Therefore, the ALJ concluded that plaintiff was not disabled (R. at 20-21).

**I. Did the ALJ err in his RFC findings and analysis?**

According to SSR 96-8p the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts

with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social

Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ's RFC findings and analysis are as follows:

> On March 8, 2005 the claimant's own physician, Dr. Rehman provided an estimate of the claimant's abilities in a regular and continuing job situation. He estimated that the claimant could lift and carry up to 20 pounds frequently and 25 pounds occasionally. He indicated that the claimant could stand and walk continuously for one hour without a break and six hours total in am eight hour workday. **Dr. Rehman stated that the claimant** could sit for up to two hours without a break and a total of eight hours in a day. In his opinion, the claimant could push and/or pull without limitation but **should only occasionally** climb, stoop, kneel, crouch, crawl or **reach**. He did not limit the claimant's ability to balance, handle, finger, feel, see, speak or hear in a work setting. He recommended that the claimant avoid concentrated exposure to extreme heat or cold, weather, wetness/humidity, dust/fumes, vibration, hazards and heights. Dr. Rehman did not know if the claimant's pain required that she be able to lie down or recline to alleviate symptoms in an eight hour workday. He also stated that he did not know [i]f pain, use of medication or side effects of medication caused a decrease in concentration, persistence or pace or any other limitations (Exhibit 13F). **Dr. Rehman's opinion is that of a treating source and is consistent with his treatment notes. It is given significant weight**...

> Accordingly, the undersigned finds the claimant retains the residual functional capacity to engage in work requiring occasional lifting and carry up to 20 to 25 pounds, frequent lifting and carrying up to 10 to 20 pounds, stand/walk for 60 minutes at a time totally six hours in an eight hour

> day. The work can require sitting for a total
> of six to eight hours a day, alternating
> between sitting and standing every 60
> minutes. The work may not require repetitive
> bending, stooping, squatting, kneeling,
> crawling or climbing and only occasional fine
> manipulation (fingering). The work may not
> involve extremes of heat or cold. **The
> undersigned notes that this residual
> functional capacity is slightly more limiting
> than that of Dr. Rehman but believes the
> history of carpal tunnel release surgeries
> requires the additional limitations on fine
> manipulations.**

(R. at 19, emphasis added).

Plaintiff argues that the ALJ failed to indicate what information he relied on in making his RFC determination, and that the ALJ did not relate his RFC findings to the medical evidence of record, in violation of SSR 96-8p (Doc. 8 at 13-14). The ALJ indicated in his decision that he gave "significant weight" to the opinions of Dr. Rehman, a treating physician, noting that his opinions are consistent with his treatment notes. The ALJ also stated that his RFC findings were "slightly more limiting than that of Dr. Rehman" but believed the history of carpal tunnel syndrome required an additional limitation that plaintiff could only perform occasional fine manipulation (fingering) (R. at 19).

However, a comparison of the RFC findings of Dr. Rehman and the ALJ indicates a critical difference not mentioned or discussed by the ALJ. Dr. Rehman had opined that plaintiff was

limited to occasional reaching (occasional is defined as an activity or condition that exists very little up to 1/3 of the time) (R. at 229).  The ALJ noted this limitation by Dr. Rehman in his decision.  However, the ALJ's RFC findings did not include any limitation on reaching.  The significance of this difference becomes apparent when reviewing the testimony of the vocational expert.  At the hearing, the VE was asked what the impact would be if a limitation of occasional reaching was added to the limitations already provided by the ALJ.  The VE testified that the addition of the limitation of occasional reaching would preclude plaintiff from being able to perform the four jobs (order clerk, escort vehicle driver, photocopy machine operator, and a cashier) that the VE had previously identified as jobs that plaintiff could perform based on the limitations set forth by the ALJ in the second hypothetical question (R. at 305-306).[2]

---

[2] Occupational information provided by the VE generally should be consistent with the occupational information provided by the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO).  SSR 00-4p, 2000 WL 1898704 at *2,*1.  The SCO indicates that 3 jobs identified by the VE and the ALJ as jobs that plaintiff could perform require frequent reaching (order clerk, 209.567-014, escort vehicle driver, 919.663-022, and photocopy machine operator, 207.685-014).  SCO at 93, 134, 335.  The job of cashier, 211.467-030, as identified by the VE (R. at 301), is listed in the SCO as ticker seller (clerical) and requires constant reaching.  SCO at 333.  Cashier I (211.462-010) and Cashier II (211.362-010) positions require frequent reaching.  SCO at 333.  An activity that must be performed occasionally is an activity that exists up to 1/3 of the time; an activity that must be performed frequently is an activity that exists from 1/3




The ALJ found that plaintiff could perform those 4 jobs and thus was not disabled (R. at 21). Therefore, whether or not plaintiff is limited to occasional reaching is critical to a determination of whether plaintiff is disabled, since that limitation would prevent her from performing those 4 jobs. However, the ALJ offered no explanation for failing to include the limitation of occasional reaching even though he gave significant weight to the opinions of Dr. Rehman, and even asserted that his RFC findings were slightly more limiting than that of Dr. Rehman. The failure to offer any explanation for not including this limitation is a clear violation of the requirement of SSR 96-8p that the ALJ "must explain" why an opinion from a medical source was not adopted when it conflicts with the ALJ's RFC findings, and precludes meaningful judicial review. Therefore, the case shall be remanded in order for the ALJ to comply with SSR 96-8p.

**II.  Did the ALJ err in his hypothetical question to the vocational expert (VE)?**

Plaintiff also alleges a conflict between the testimony of the VE and the DOT/SCO. The ALJ found that plaintiff is limited to occasional fine manipulation (fingering) (R. at 19).

---

to 2/3 of the time, and an activity that must be performed constantly is an activity that exists 2/3 or more of the time. SCO at C-3. Thus, the testimony of the VE on the impact of occasional reaching on the 4 identified jobs is entirely consistent with the SCO.

Plaintiff correctly points out that the jobs of order clerk and photocopy machine operator require frequent fingering, SCO at 134, 335, and the position of cashier or ticket seller requires constant fingering, SCO at 333.[3]  Only the position of escort vehicle driver requires no fingering, SCO at 93.

However, a review of the transcript indicates that the limitation of occasional fingering was not provided to the VE when he identified the 4 jobs that plaintiff could perform. After the ALJ set forth the 1st hypothetical, which included a limitation to occasional fingering (R. at 297-298), the VE was asked if plaintiff could perform past work given the limitations contained in the 1st hypothetical (R. at 298).  The ALJ then posed a 2nd hypothetical question.  Included in the 2nd hypothetical question was the following language: "**Frequent handle in balance, finger, feel**" (R. at 299, emphasis added). Only after the 2nd hypothetical question did the VE identify the 4 other jobs (order clerk, escort vehicle driver, photocopy machine operator, and cashier) that plaintiff could perform given the limitations set forth in the 2nd hypothetical question (R. at 300-301).  Thus, the hypothetical question which the ALJ provided to the VE before the VE identified four other jobs that plaintiff could perform did not include the limitation of occasional

---

[3] The court would also note that the positions of Cashier I and Cashier II require frequent fingering.  SCO at 333.

fingering, even though the ALJ had included this limitation in plaintiff's RFC.  In fact, the 2nd hypothetical question indicated a frequent ability to finger.  Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision.  <u>Norris v. Apfel</u>, 215 F.3d 1337 (table), 2000 WL 504882 at *5 (10th Cir. Apr. 28, 2000); <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1492 (10th Cir. 1991).  Therefore, on remand, the ALJ must relate with precision all of plaintiff's limitations in the hypothetical question posed to the VE.

Defendant argues that the one remaining job that does not require fine manipulation (fingering), that of escort vehicle driver, exists in significant numbers (70 locally, 850 statewide, 125,000 nationwide, R. at 300-301).  Therefore, the clear implication of defendant's argument is that even if plaintiff cannot perform the other 3 jobs, it is harmless error.

In order to find that the plaintiff is not disabled, the ALJ must determine that the plaintiff is capable of performing other jobs existing in significant numbers in the national economy.  The Social Security Act provides that a claimant may be considered disabled only if he cannot "engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in

which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A). The Act identifies "work which exists in the national economy" as "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." Id.

The 10th Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a "significant number." There are many factors to be considered when determining whether work exists in significant numbers, including the level of a claimant's disability, the reliability of the VE testimony, the distance claimant is capable of traveling to engage in work, the isolated nature of the jobs, and the types and availability of jobs. The decision should ultimately be left to the ALJ's common sense in weighing the statutory or regulatory language as applied to a particular factual situation. Trimiar v. Sullivan, 966 F.2d 1326, 1330 (10th Cir. 1992).

In the case of Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004), the court discussed the application of harmless error when some jobs remain that the plaintiff can perform. The court cited to the case of Trimiar v. Sullivan, 966 F.2d 1326, 1330 (10th Cir. 1992), in which 650-900 jobs statewide had been identified which plaintiff could perform. The court in Allen indicated that 650-900 statewide jobs was small enough to put the

issue in a gray area requiring the ALJ to address the issue of whether plaintiff can perform work which exists in significant numbers.  357 F.3d at 1145.  In this case, the only job not precluded by a limitation of occasional fingering is the job of escort vehicle driver.  The VE testified that 850 such jobs exist in Kansas.  This number falls within the range found by the Allen court as a "gray area" requiring the ALJ to address whether or not such a number constitutes a significant number of jobs. Therefore, as the court found in Allen, it would be an improper exercise in judicial factfinding rather than a proper application of harmless error principles to find that the remaining job of escort vehicle driver constitutes work which exists in significant numbers.  357 F.3d at 1145.  See Coleman v. Barnhart, Case No. 05-1179-JTM (D. Kan. Apr. 21, 2006 (Recommendation and report, Doc. 13 at 11-13)(adopted by district court May 10, 2006, Doc. 14).

Furthermore, as this court indicated earlier, a limitation of occasional reaching would preclude all four jobs identified by the VE.  Until and unless the ALJ provides a reasonable explanation for not including that limitation in plaintiff's RFC, there is no evidence in the record that plaintiff can perform any other jobs in the national economy.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for

14

further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on February 7, 2007.

>                    s/John Thomas Reid
>                    JOHN THOMAS REID
>                    United States Magistrate Judge